# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Leslie Thompson, )<br>)<br>Plaintiff, )<br>) Case No.<br>v. )<br>)<br>St. Joseph Medical Center (aka Presence )<br>Care Transformation Corp. and Amita )<br>Health) and Lynn Polhemus, )<br>)<br>Defendants. ) | |

## Complaint

NOW COMES Plaintiff, Leslie Thompson, by and through her attorneys, and alleges the following against Defendant, St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health) and Lynn Polhemus:

### Jurisdiction, Venue & Parties

1. This case arises under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. Code § 1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate here because the Defendants reside in this District, and the events giving rise to this litigation occurred in this District.

5. Leslie Thompson was an employee of St. Joseph Medical Center in Joliet, Illinois from 1993 to 2021.

6. St. Joseph is a 480-bed hospital in Joliet, Illinois.

7. St. Joseph Medical Center was acquired by Amita Health in 2018.

8. Amita Health is headquartered in Chicago, Illinois.

9. Presence Care Transformation Corp. is the entity that paid Thompson.

10. Apparently, Presence had acquired the hospital in 2012.

11. Presence Care Transformation Corp. is located in Des Plaines, Illinois.

12. Lynn Polhemus became Thompson's manager shortly before firing her. (She is being sued under Section 1981 only).

## Facts

13. Leslie Thompson was hired by St. Joseph's Hospital in 1993.

14. Thompson was hired as a Certified Nursing Assistant ("CNA").

15. At the time of her hire, Thompson was 30 years old.

16. Thompson worked at the hospital for the next 28 years.

17. Starting in 1995, Thompson took on a second role of Patient Safety Assistant (aka a "Sitter") at the hospital.

18. In this Sitter role, she sat by the bedside of patients who needed constant monitoring.

19. Starting in 2000, she took on the third job of Telemetry Technician.

20. She would work in this department for 21 years.

21. As a "Tele Tech," Thompson's job was to read and interpret cardiac rhythms of heart patients; ensure that the monitor was working; and alert nurses if the patient's heart rate changed.

22. Thompson routinely worked overtime hours.

23. Nearly every day that she was not scheduled as a Tele Tech, she would take on shifts as a Patient Safety Assistant.

24. She also regularly was offered (and accepted) "incentive" shifts, which were offered only to employees with a good record.

25. On June 14, 2021, Thompson was fired.

26. Thompson was fired by Lynn Polhemus, Director of Nursing.

27. Thompson was not given a termination letter.

28. Thompson's personnel file contains no explanation of why she was terminated.

29. In Thompson's most recent performance review given to her in February 2019 (for year 2018), her manager (Mary Sucich) gave her a rating of "Frequently Exceeds Expectations."

30. Upon information and belief, around the time Thompson was terminated, the hospital hired into the Telemetry department at least one person who was male, not black, and who was much younger than she.

31. Thompson suffered financial and emotional harm from being terminated unlawfully.

32. Thompson has retained an attorney to help her protect her right to be free from discrimination based on age, sex, and race.

### Count 1: Age Discrimination (ADEA) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)

33. The Age Discrimination in Employment Act prohibits discrimination based on age (specifically, being age 40 or older).

34. Thompson is subject to the protections of the ADEA because she was 58 years old at the time of her termination.

35. Thompson was the oldest employee in the Telemetry Unit.

36. The person who fired Thompson (Lynn Polhemus) was younger than Thompson.

37. Around the time Thompson was terminated, the hospital hired into the Telemetry department at least one person who was much younger than Thompson.

38. Thompson always performed up to her employer's reasonable expectations.

39. Thompson would not have been terminated if she was a young person.

40. Plaintiff exhausted her administrative remedies under the ADEA: she filed a charge of discrimination at the Illinois Department of Human Rights on March 14, 2022; the charge was cross-filed at the EEOC; Thompson received the EEOC's right-to-sue letter on May 25, 2022; and she is filing this lawsuit within 90 days thereof.

**Count 2: Age Discrimination (IHRA) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)**

41. The Illinois Human Rights Act ("IHRA") prohibits discrimination based on age.

42. Defendant's actions that violate the ADEA as described in Count 1 also violate the IHRA.

43. Plaintiff exhausted her administrative remedies under the Illinois Human Rights Act: she filed a charge of discrimination at the Illinois Department of Human Rights on March 14, 2022; the IDHR issued Plaintiff a "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure" on April 29, 2022; and Plaintiff is filing this lawsuit within 95 days thereof.

**Count 3: Sex Discrimination (Title VII) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)**

44. Thompson is a woman.

45. Around the time Thompson was terminated, the hospital hired into the Telemetry department at least one person who was male.

46. Thompson always performed up to her employer's reasonable expectations.

47. Thompson was terminated because of her sex.

48. Thompson would not have been terminated if she were a man.

49. Alternatively, her sex was a motivating factor in her termination.

50. Plaintiff exhausted her remedies under Title VII: she filed a charge of discrimination at the Illinois Department of Human Rights on March 14, 2022; the charge was cross-filed at the EEOC; Thompson received the EEOC's right-to-sue letter on May 25, 2022; and she is filing this lawsuit within 90 days thereof.

**Count 4: Sex Discrimination (IHRA) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)**

51. The Illinois Human Rights Act ("IHRA") prohibits discrimination based on sex.

4

52. Defendant's actions that violate Title VII's prohibition on sex discrimination, as described in Count 3, also violate the IHRA.

53. Plaintiff exhausted her administrative remedies under the Illinois Human Rights Act: she filed a charge of discrimination at the Illinois Department of Human Rights on March 14, 2022; the IDHR issued Plaintiff a "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure" on April 29, 2022; and Plaintiff is filing this lawsuit within 95 days thereof.

### Count 5: Race Discrimination (Title VII) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)

54. Thompson is African-American, or black.

55. The person who fired her, Polhemus, is white.

56. Around the time Thompson was terminated, the hospital hired into the Telemetry department at least one person who was not black.

57. Thompson always performed up to her employer's reasonable expectations.

58. Thompson would not have been terminated if she were white.

59. Alternatively, her race was a motivating factor in her termination.

60. Plaintiff exhausted her administrative remedies under Title VII: she filed a charge of discrimination at the Illinois Department of Human Rights on March 14, 2022; the charge was cross-filed at the EEOC; Thompson received the EEOC's right-to-sue letter on May 25, 2022; and she is filing this lawsuit within 90 days thereof.

### Count 6: Race Discrimination (IHRA) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)

61. The Illinois Human Rights Act ("IHRA") prohibits discrimination based on race.

62. Defendant's actions that violate Title VII's prohibition on race discrimination, as described in Count 5, also violate the IHRA.

63. Plaintiff exhausted her administrative remedies under the Illinois Human Rights Act: she filed a charge of discrimination at the Illinois Department of Human Rights on March

14, 2022; the IDHR issued Plaintiff a "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure" on April 29, 2022; and Plaintiff is filing this lawsuit within 95 days thereof.

### Count 7: Race Discrimination (Section 1981) against St. Joseph Medical Center (aka Presence Care Transformation Corp. and Amita Health)

64. Section 1981 of the Civil Rights Act of 1866 grants all persons the right to "make and enforce contracts[1]" regardless of race.

65. Thompson would not have been terminated if she was white.

### Count 8: Race Discrimination (Section 1981) against Lynn Polhemus

66. Individuals are subject to suit under Section 1981.

67. Lynn Polhemus would not have terminated Thompson if Thompson was white.

### Prayer for Relief

68. Plaintiff requests that Defendants be found liable and that she be awarded all damages to which she is entitled under each statute, including but not limited to reinstatement (or front pay); compensation for lost wages, benefits, and earning power; emotional distress damages; punitive damages; attorney's fees; and costs.

### <u>Jury Demand</u>

69. Plaintiff demands trial by jury.

---

[1] The relationship between employer and employee has been interpreted as "contractual" even with at-will employment.

Submitted by:

/s/ Julie Herrera
*Attorney for Plaintiff, Leslie Thompson*

Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com

Date: 7/20/22